■ In the Matter of LUIS DULANTO, Petitioner, v JOSEPH J. NICOLETTI, JR., as Commissioner of the White Plains Department of Public Works, et al., Respondents. [800 NYS2d 588]—

Proceeding pursuant to CPLR article 78 to review a determination of the respondent Joseph J. Nicoletti, Jr., as Commissioner of the White Plains Department of Public Works, dated February 3, 2004, which, upon adopting in part and rejecting in part the recommendations of a hearing officer, found the petitioner guilty of charge I, specification 1, charge II, specification 1, and charge III, specification 1, and terminated his employment as a motor equipment operator.

Adjudged that the petition is granted, on the law, without costs or disbursements, to the extent that so much of the determination as found the petitioner guilty of charge I, specification 1, and charge III, specification 1, is annulled, those specifications are dismissed, the penalty of termination is vacated, the petitioner is reinstated to his position as motor equipment operator, the determination is otherwise confirmed, and the proceeding is otherwise dismissed, and the matter is remitted to the respondent Joseph J. Nicoletti, Jr., as Commissioner of the White Plains Department of Public Works, for the calculation of back pay and benefits, if any, to which the petitioner may be entitled, and the imposition of a penalty with respect to charge II, specification 1.

The determination of the respondent Joseph J. Nicoletti, Jr., as Commissioner of the White Plains Department of Public Works, that the petitioner was guilty of threatening a coworker with physical injury by throwing a shovel in his direction following a verbal dispute between the two men is not supported by substantial evidence (*see* CPLR 7803 [4]; *People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). While the petitioner's method of returning the coworker's shovel was careless and inappropriate, the record does not establish that his act was intended as a threat or could be viewed by a reasonable person as a threat.

The petitioner's remaining contentions are either without merit or need not be reached in light of our determination. Florio, J.P., H. Miller, Cozier and Spolzino, JJ., concur.