■ In the Matter of ROBERT PENDERLEITH, Petitioner, v LAKELAND CENTRAL SCHOOL DISTRICT OF SHRUB OAK, NEW YORK, et al., Respondents. [884 NYS2d 169]—

Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the Lakeland Central School District of Shrub Oak, New York, dated August 16, 2007, which confirmed the finding of a hearing officer, made after a hearing, that the petitioner was guilty of misconduct and/or incompetence, and terminated his employment.

Adjudged that the petition is granted, on the law, to the extent that so much of the determination as found the petitioner guilty of charge II is annulled, charge II is dismissed, and the penalty of termination of the petitioner's employment is vacated, the petition is otherwise denied, the determination is otherwise confirmed, the proceeding is otherwise dismissed, without costs or disbursements, and the matter is remitted to the respondents for the imposition of a penalty appropriate for the finding of guilt on charge I only.

The determination that the petitioner was guilty of misconduct and/or incompetence for failing to comply with proper protocol during a fire alarm (charge I) is supported by substan-

tial evidence in the record; the determination that he was guilty of acting in a manner that was menacing, intimidating, and/or threatening toward the principal or assistant principal (charge II) is not (*see* CPLR 7803 [4]; *Matter of Silberfarb v Board of Coop. Educ. Servs., Third Supervisory Dist., Suffolk County*, 60 NY2d 979, 981 [1983]; *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 181 [1978]).

The behavior referred to in charge II is that, "while leaving or immediately upon leaving the Principal's office, [the petitioner] pulled a putty knife or similar instrument out of his back pocket and held it in the palm of his hand and did so in a manner that was menacing and/or intimidating and/or threatening to the Principal and/or Assistant Principal causing them to fear for their safety." The testimony of the respondents' witnesses was that, when the petitioner pulled out the putty knife and at all times thereafter, his back was to the principal and assistant principal, he was at a distance from them of never less than four feet, the putty knife was held rigidly at his side, he walked out of the office and down the hall without turning, and he said nothing at all once his meeting with the principal was over, and nothing threatening during the meeting. Under these circumstances, the record does not establish that the petitioner acted in any way that could be viewed by a reasonable person as threatening, menacing, or intimidating (*see Matter of Dulanto v Nicoletti*, 21 AD3d 553, 554 [2005]).

In light of the foregoing, the petitioner's contention regarding the penalty imposed has been rendered academic. Spolzino, J.P., Covello, Angiolillo and Dickerson, JJ., concur.